UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN THACKER,

    Plaintiff,

v.

VEOLIA WATER N.A.,

    Defendant.

Jury Demand

## COMPLAINT AT LAW

Plaintiff, Stephen Thacker ("Thacker"), by and through his attorneys, Caffarelli & Siegel Ltd., complains against Defendant Veolia Water N.A. ("Veolia" or "Company") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Company's unlawful termination of Thacker, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Veolia's facility in Cicero, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Thacker was employed by Veolia from on or about April 2008 until his termination on or about September 17, 2012. Thacker was an "employee" of Veolia within the meaning of 29 U.S.C. § 2611(2)(A) at the time he was terminated. Thacker is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Veolia employs more than 50 employees within 75 miles of his worksite.

5. Defendant Veolia is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce with a facility located in Cicero, Illinois. The Company has a corporate office located at 200 E. Randolph Street, Suite 7900, Chicago, Illinois 60601. Veolia was the "employer" of Thacker within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

**FACTUAL ALLEGATIONS**

6. Thacker began working for Veolia on or about April 2008. At the time he was terminated, Thacker was employed as an operator. Throughout his employment, Thacker performed his job satisfactorily.

7. In the year prior to September 2012, Thacker worked for Veolia on a full-time basis, and had worked more than 1,250 hours.

8. Veolia has approximately 2,700 employees throughout North America. The Company employs more than 50 employees within 75 miles of its Cicero, Illinois facility.

9. On or about September 1, 2012, Thacker suffered an injury to his ankle, which severely limited his ability to walk.

10. Thacker went to the emergency room, and was advised to remain off of his ankle until he could visit his physician.

11. On or about September 2, 2012, Thacker called his direct supervisor, Rick Jania ("Jania"), to inform Jania about his ankle injury.

12. Thacker told Jania that he had suffered a severe ankle injury, which limited his ability to walk. He also told Jania that because of his ankle injury he would need to miss work for a while.

13. Jania told Thacker that it was no problem for him to miss work. Jania did not inform Thacker about the FMLA or provide Thacker with any FMLA forms. Rather, Jania simply told Thacker to let him know what was going on.

14. On or about September 3, 2012, Thacker visited his physician, who advised him that given his inability to walk due to his ankle injury, Thacker would need to be off of work for a couple of weeks. Thacker's physician also provided him with a note explaining that he would need to be off of work due to his injury.

15. Thacker's wife mailed the physician's note to Steve Waters ("Waters"), the Company's Project Manager.

16. Between September 3, 2012 and September 14, 2012, Thacker contacted Waters and/or Jania on multiple occasions to update Veolia on the status of his ankle injury. On each occasion, Thacker told Waters and/or Jania that his physician had not released him back to work yet.

17. Water and Jania never informed Thacker about the FMLA or provided Thacker with any FMLA forms. Nor did they ever ask Thacker for a note from his physician, or any other medical documentation certifying his injury or explaining how long he would need to remain off of work.

18. On or about September 14, 2012, Thacker again contacted Waters to update the Company on the status of his ankle injury. Thacker told Waters that he was scheduled for an MRI the following week. Thacker also told Waters that his doctor would not release him back to work until after the MRI. Veolia thus had notice that Thacker would be out on medical leave until at least after his MRI.

19. Once again, Waters told Thacker not to worry about it. Also, Waters did not inform Thacker about the FMLA or provide Thacker with any FMLA forms.

20. On or about September 18, 2012, Thacker received a letter from Veolia dated September 17, 2012 terminating his employment for allegedly violating the Company's no show/no call policy.

21. Upon receiving the termination letter, Thacker contacted Tanya Barber ("Barber"), a member of Veolia's human resources department, to discuss the situation regarding his ankle injury and the Company's decision to terminate his employment. During this conversation, Barber advised Thacker to apply for FMLA leave and short term disability benefits. This was the first time Thacker was informed by Veolia about the FMLA.

22. Following his conversation with Barber, Thacker applied for FMLA leave to CIGNA, Veolia's third party FMLA administrator.

23. On or about September 26, 2012, CIGNA approved Thacker's request for FMLA leave. Specifically, Thacker's FMLA leave was approved from September 2, 2012 through September 28, 2012. CIGNA also determined that he was eligible for FMLA leave from September 29, 2012 through October 14, 2012.

24. Veolia refused to reverse Thacker's termination despite CIGNA approving his FMLA leave for the days on which he was allegedly a "no show/ no call."

4

25. The Company unlawfully denied Thacker his rights under the FMLA, and terminated him in violation of the FMLA.

## COUNT I – FMLA INTERFERENCE

26. Plaintiff incorporates paragraphs 1 through 25, as if fully incorporated herein.

27. By September of 2012, Thacker had been continuously employed by Veolia for more than four years, and worked at least 1,250 hours during the preceding twelve months.

28. Thacker's ankle injury constituted a "serious health condition" within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2612.

29. Thacker notified Veolia that he was under his physician's care for his ankle injury, and requested medical leave to treat his serious health condition.

30. On or about September 14, 2012, Thacker notified Veolia that he was scheduled for an MRI and would be unable to return to work until after his physician reviewed the results of the MRI.

31. Thacker was entitled to medical leave for his ankle injury under the FMLA.

32. On or about September 17, 2012, Veolia terminated Thacker's employment for allegedly violating the Company's "no show/no call" policy.

33. Veolia violated the FMLA by terminating Thacker's employment and by knowingly denying his request to exercise his right to take a medical leave pursuant to the leave provisions of the FMLA.

WHEREFORE, Plaintiff Thacker respectfully requests that this Court enter judgment in his favor and against Defendant Veolia by:

    A. Declaring that the acts and practices by Defendant Veolia as described herein constitute a violation of the FMLA;

    B. Enjoining and permanently restraining these violations of the FMLA;

C.     Awarding Thacker back wages and lost benefits due to Defendant's violations of the FMLA;

D.     Directing Defendant Veolia to reinstate Thacker to his previous position or, in the alternative, awarding Thacker front pay;

E.     Awarding Thacker liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.     Awarding reasonable attorneys' fees and costs incurred by Thacker in connection with the instant action; and

G.     Awarding Thacker such further and additional relief as the Court may deem just and proper.

## COUNT II – FMLA RETALIATION

34.     Plaintiff incorporates paragraphs 1 through 33, as if fully incorporated herein.

35.     Thacker was an eligible employee under the FMLA, provided notice of a serious health condition, and requested leave for the serious health condition.

36.     Thacker attempted to exercise his rights under the FMLA by informing Waters of his ankle injury and his need for immediate time off of work to recover.

37.     When Thacker attempted to exercise his rights under the FMLA, Veolia terminated Thacker's employment.

38.     By terminating Thacker's employment, Veolia retaliated and discriminated against Thacker in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

39.     As a direct and proximate result of said acts, Thacker has suffered and continues to suffer loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Thacker respectfully requests that this Court enter judgment in his favor and against Defendant Veolia by:

A.     Declaring that the acts and practices by Defendant Veolia as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Thacker back wages and lost benefits due to Defendant's violations of the FMLA;

D. Directing Defendant Veolia to reinstate Thacker to his previous position or, in the alternative, awarding Thacker front pay;

E. Awarding Thacker liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Thacker in connection with the instant action; and

G. Awarding Thacker such further and additional relief as the Court may deem just and proper.

Dated: November 2, 2012                     Respectfully submitted,

Alejandro Caffarelli, #06239078             STEPHEN THACKER
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150                 By: /s/ Alejandro Caffarelli
Chicago, IL  60601                              Attorney for Plaintiff
Tel. (312) 540-1230
Fax (312) 540-1231
Email   info@caffarelli.com
Web     www.caffarelli.com                  **JURY DEMAND**
                                            Plaintiff demands a jury to hear and
                                            decide all issues of fact.


                                            /s/ Alejandro Caffarelli
                                            One of Plaintiff's Attorneys